UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID W. LINNANE,
        Plaintiff,

v.        Civil Action No. _____

TRACY L. WILSON, ESQ., individually;
JAMES LINNANE, individually,
        Defendants.

## COMPLAINT FOR DAMAGES
## JURY TRIAL DEMANDED

### I. INTRODUCTION

1. This action seeks damages for fraud, constitutional violations, and abuse of process arising from Defendants' scheme to conduct probate proceedings in a closed case without jurisdiction. On November 19, 2024, Suffolk Probate Court Case No. SU23P2486EA was dismissed with judgment and the docket recorded "CASE STATUS: CLOSED." The case was over. Yet for seventeen months, Defendants continued proceedings in this closed case, culminating in a fee motion seeking $39,578.56 based on four provably false statements made under oath.

2. The Supreme Court has answered this question repeatedly: a closed case is closed. *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940) (court acting beyond jurisdiction acts "beyond its power" and proceedings are "void"). This principle has been settled law for over 150 years. It has been consistently upheld without exception. There is no ambiguity. There is no room for interpretation. There is no argument to be had. It applies to every court, every state, every case type. A closed case lacks jurisdiction for further proceedings absent proper reopening procedure.

3. Documentary evidence proves Defendant Wilson knew proper procedure and deliberately violated it. On November 22, 2024—three days after dismissal—Wilson emailed Plaintiff stating: "Judge dismissed the General Petition and stated we have to file a Formal Petition." Despite this admission that new filing was required, Wilson waited nineteen days, then filed directly into the closed case without filing a motion to reopen and without obtaining court authorization. This was not mistake—it was premeditated violation by a fourteen-year probate specialist who has received Massachusetts Standing Order 1-06 hundreds of times.

4. Massachusetts courts have failed to uphold the law. The probate court accepted filing into a closed case, continued void proceedings for seventeen months with "CLOSED" status visible on the docket, appointed a Special Personal Representative in void proceedings who has billed for nine months with no work product, and enabled extraction of fraudulent fees through perjury. This federal court must enforce constitutional law. The absence of jurisdiction cannot be cured by judicial acquiescence, pattern of practice, or passage of time.

### II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question—constitutional claims under 42 U.S.C. § 1983), 1332 (diversity—Plaintiff is New Hampshire citizen, Wilson is Massachusetts citizen, James is Florida citizen, amount exceeds $75,000), 1343 (civil rights), and 1367(a) (supplemental jurisdiction).

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

7. Younger abstention does not apply. The bad faith exception is satisfied by Wilson's November 22, 2024 email proving actual knowledge of proper procedure, followed by nineteen days of premeditation, followed by deliberate violation. *Younger v. Harris*, 401 U.S. 37, 53 (1971); *Juidice v. Vail*, 430 U.S. 327, 338 (1977). Moreover, void proceedings are not "ongoing" proceedings under Younger—they are nullities. *Kalb*, 308 U.S. at 438.

8. Rooker-Feldman does not apply because Plaintiff seeks damages for fraud and constitutional violations, not reversal of state judgments. *Skinner v. Switzer*, 562 U.S. 521, 531-32 (2011).

### III. PARTIES

9. Plaintiff David W. Linnane is a New Hampshire resident and Co-Personal Representative of the Estate of Susan Edith Goldberg.

10. Defendant Tracy L. Wilson, Esq. is a Massachusetts attorney at 234 Copeland Street, Suite 230, Quincy, MA 02169. Wilson has practiced probate law in Suffolk Probate Court for over fourteen years.

11. Defendant James Linnane is a Florida resident at 9119 19th Drive Northwest, Bradenton, FL 34209.

### IV. STATE ACTION

12. Wilson acted under color of state law through joint action with Judge Ross. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982). Judge Ross accepted Wilson's filing into a closed case without requiring motion to reopen, continued void proceedings for seventeen months, appointed Special Personal Representative John Smoot four months after the case closed, adopted the void Agreement into orders, and systematically denied Plaintiff's objections—all while the docket displayed "CLOSED" status. This joint action to deprive Plaintiff of property through void proceedings constitutes state action. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

13. James acted under color of state law by participating in void proceedings with knowledge of their void status, submitting sworn affidavit containing false statements, and seeking $39,578.56 through proceedings conducted without jurisdiction.

### V. FACTUAL ALLEGATIONS

#### A. The Closed Case

14. On November 14, 2023, an Informal Probate Petition was filed and Letters of Authority issued in Case No. 23P2486EA. On June 21, 2024, Plaintiff filed a General Petition to modify Letters of Authority.

24. On April 22, 2025, Judge Ross stated on the record: "That petition was properly dismissed for that reason: that it's an improper petition." Judge Ross told Plaintiff: "your case is over. That's the law." Yet proceedings continued in that "over" case for six more months, with Plaintiff now facing $39,578.56 in liability plus Smoot's fees from void proceedings while being denied all procedural protections.

### E. Four Provable Lies Under Oath

25. On October 28, 2025, Wilson filed a fee motion seeking $39,578.56. The supporting affidavits contain four demonstrably false statements:

### Lie #1: Travel Costs from Plaintiff's "Insistence" ($2,720.52)

James's affidavit claims travel costs resulted from Plaintiff's "insistence" on in-person meetings. This is false. The February 24, 2025 Pre-Trial Order mandated "APPEAR IN PERSON" in bold text—the standard form order Wilson has received hundreds of times. In-person was court-mandated, not Plaintiff's preference.

### Lie #2: James's "Repeated Efforts"

James's affidavit swears he made "repeated efforts" and "numerous efforts, requests, and accommodations" to participate in estate administration. This is false. Email records prove James made zero communications about estate matters from May 21, 2023 (date of death) through January 9, 2024—seven and a half months of complete silence while Plaintiff completed all estate work.

### Lie #3: Plaintiff Caused Delays

The fee motion claims Plaintiff caused the seventeen-month delay and "unnecessary litigation." This is false. The delay resulted directly from Wilson's knowing violation of Standing Order 1-06.

### Lie #4: Valid Agreement

Wilson's petition references the November 19, 2024 Agreement and asks the court to "honor" it. This is false. The Agreement was titled "Agreement ON Petition to Modify" and was contingent on that petition. When the petition was dismissed, the Agreement became void.

26. These false statements constitute perjury under 18 U.S.C. § 1621 and subornation of perjury under 18 U.S.C. § 1622.

## VI. CAUSES OF ACTION

### COUNT I: FRAUD

(Against All Defendants)

27. Plaintiff incorporates all preceding allegations.

28. Defendants made four material false statements in sworn documents: (1) travel costs from Plaintiff's "insistence" when court ordered in-person; (2) James's "repeated efforts" when records prove eight-month silence; (3) Plaintiff caused delays when Wilson's Standing Order violation caused them; (4) Agreement remains valid when it became void upon dismissal.

29. Defendants knew these statements were false. Wilson had the court order, email records, her November 22 email, and fourteen years of specialized experience. Any claim of ignorance is impossible.

30. Defendants made these statements to obtain $39,578.56. Plaintiff suffered damages including fraudulent fee liability, costs of defending void proceedings, and emotional distress. Punitive damages are warranted for willful fraud involving perjury.

**COUNT II: DUE PROCESS VIOLATION**

(42 U.S.C. § 1983 - Against All Defendants)

31. Plaintiff incorporates all preceding allegations.

32. Defendants acted under color of state law as alleged in paragraphs 12-13.

33. Plaintiff has property interests in his estate share and in not having $39,578.56 plus SPR fees seized through void proceedings and perjury.

34. Defendants deprived Plaintiff of these interests without due process by: filing into closed case without proper notice and service; continuing void proceedings for seventeen months; obtaining void SPR appointment; systematically denying hearings and discovery; seeking fees based on void proceedings and perjury. *Kalb*, 308 U.S. at 438.

35. Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), the factors favor Plaintiff: substantial private interest; 100% risk of error; zero government interest in violating its own mandatory rules.

**COUNT III: FIRST AMENDMENT RETALIATION**

(42 U.S.C. § 1983 - Against All Defendants)

36. Plaintiff incorporates all preceding allegations.

37. Plaintiff engaged in protected First Amendment activity by filing federal civil rights action.

38. Defendants retaliated by seeking $10,236.00 specifically for "defending Federal Case." This explicit targeting of Plaintiff's exercise of constitutional rights is retaliation designed to punish and deter federal filing.

**COUNT IV: CIVIL CONSPIRACY**

(State Law - Supplemental Jurisdiction)

39. Plaintiff incorporates all preceding allegations.

40. Wilson and James agreed to accomplish unlawful purposes by unlawful means: conducting void proceedings and making coordinated false statements to extract $39,578.56. The agreement is proven by coordinated false narratives across multiple documents, Wilson's facilitation of James's perjury, and joint filing of fraudulent fee motion.

**COUNT V: ABUSE OF PROCESS**

(State Law - Supplemental Jurisdiction)

41. Plaintiff incorporates all preceding allegations.

42. Defendants used probate proceedings for improper purposes: obtaining $39,578.56 through fraud; obtaining void SPR appointment to add fees; avoiding consequences of Standing Order violation; retaliating for federal filing; preventing exposure through denial of hearings and discovery.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. Declaratory judgment that all proceedings after November 19, 2024 are void, including the March 25, 2025 SPR appointment;

B. Injunction against enforcement of $39,578.56 fee demand and any fees from the void SPR appointment;

C. Compensatory damages;

D. Punitive damages;

E. Attorney's fees under 42 U.S.C. § 1988;

F. Such other relief as the Court deems just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## IX. VERIFICATION

I, David W. Linnane, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the facts stated herein are true and correct to the best of my knowledge based on personal knowledge, documents in my possession, and official court records.

Executed this 20th day of November, 2025, at Salisbury, New Hampshire.

*David Linnane*
_____
David W. Linnane
57 Brookside Drive
Salisbury, NH 03268
Telephone: (603) 491-4361
Email: dlinnane1@gmail.com


Respectfully submitted,

*David Linnane*
_____
David W. Linnane, Pro Se


## EXHIBITS